Leonard J. Supple, J.
In a previous proceeding brought by the landlord (Matter of Raguso v. Herman, Westchester County Clerk’s File No. 792A-1958) to review an order of the commission denying the landlord’s protest, a final order was made May 5, 1960. The respondent commission subsequently moved to resettle the order, and a decision granting resettlement and dated June 24, 1960 was made. Subsequently, both the petitioner and the respondent in that proceeding submitted orders of resettlement containing identical ordering paragraphs and, through some error, they were both signed and entered. The petitioner’s order was dated July 8,1960 and was entered in the Westchester County Clerk’s office July 13,1960. The respondent’s order was dated July 5, 1960 and was entered in the Westchester County Clerk’s office July 14, 1960. For the purposes of this decision, the court assumes the order must be regarded as entered July 13,1960.
*228 The commission complied with the order and noticed a hearing" for the receipt of evidence for September 28, 1960 which was adjourned until October 10, 1960, the 89th day after the entry of the order on July 13, 1960. At the opening of that hearing, the attorneys for the parties, in the presence of their respective clients, were asked to sign a stipulation extending the Administrator’s time to file a decision to November 15,1960. This they did. The commission continued with the hearing and investigation and filed its opinion and order on November 15, 1960, reversing its previous decision and granting the landlord’s protest.
The tenant has commenced two proceedings pursuant to article 78 of the Civil Practice Act to vacate and annul the order of the commission, one by a notice dated December 13, 1960 and served December 14, 1960 in which the order is attacked on the merits, and another by an order to show cause dated December 19, 1960 and served December 20, 1960, attacking the validity of the order as a matter of law. The second proceeding was not commenced within the 30 days specified by section 9 of the Emergency Housing Bent Control Law (L. 1946, ch. 274, as amd.) but no objection has been raised upon this ground and it will, accordingly, be disregarded. This is really an attempt to raise by a separate petition and notice in an order to show cause a question of law that could have been raised by the petition in the other proceeding. Accordingly, the court will consolidate the proceedings and first consider the objection to the validity of the order dated November 15, 1960.
It is the petitioner Bofrano’s position that the order of November 15, 1960 was filed more than 90 days after the entry of the order of the court dated July 8, 1960 and entered July 13, 1960 and that the commission was without power to make a determination at that time because the last sentence of subdivision 4 of section 8 of the Emergency Housing Bent Control Law provided ‘ ‘ If the commission does not act finally within a period of ninety days after the entry of an order of remand to the commission by the court in a proceeding instituted pursuant to section nine, the order previously entered by the commission shall be deemed reaffirmed.” Petitioner argues that the commission is without power to make an order after the 90 days have elapsed because the order previously entered by the commission is deemed reaffirmed pursuant to the statute after 90 days have elapsed. Petitioner further argues that the provision may not be waived by parties or counsel. The court does not agree with this. It has been held that the provision is not a Statute of Limitations but a directory provision which is set *229 in motion only by an order of the court (Matter of Kaplan v. Weaver, 4 A D 2d 865). There, a stay postponing the effectiveness of the order, although the date of entry remained the same, extended the period for final action by the commission. Here, a stipulation extending the period for final action by the commission, although the date of entry remained the same, waived the effect of the statutory provision.
The court has carefully reviewed the proceedings of the commission and cannot say on the record that the commission acted arbitrarily, capriciously, or not in accordance with law. It made further investigations and had the benefit of a personal inspection of the realty that it did not have when it made the previous order. The applications to vacate and annul the order of November 15, 1960 will be denied and the petitions dismissed.